

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| TOMMIE JOE DENSON, PRO SE, § <br> A.K.A. TOMMIE J. DENSON, § <br> TDCJ-CID #6879907, § <br> § <br> Plaintiff, § <br> § <br> v. §     2:07-CV-0185 <br> § <br> AUDREY A. ENGLAND, § <br> JAMES GRIMES, and § <br> KELLI WARD, § <br> § <br> Defendants. § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff TOMMIE JOE DENSON, also known as TOMMIE J. DENSON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims his property, consisting of thirty-eight family photographs, was taken by defendant ENGLAND on May 15, 2007. Plaintiff states ENGLAND told him, "these are mine now, kiss them goodbye," and refused to give him any confiscation papers. Plaintiff says when he asked another officer about the return of his photographs, the officer inquired and was told they would be mailed to plaintiff. Although plaintiff does not specifically state he never received the photographs, his request that the Court order the return of the photographs leads the Court to infer that he did not.

Plaintiff sues defendant GRIMES for his response to plaintiff's step 1 grievance saying that GRIMES should have questioned why plaintiff was not given confiscation papers in accordance with prison procedures. Plaintiff sues defendant WARD for the response to his step 2 grievance in which WARD stated that, although the pictures had been returned, staff was not required to do so because the pictures became contraband when plaintiff violated the rules by bringing them to work.

Plaintiff asks the Court to order the photographs be returned and that he be awarded $3,800.00, as well as court costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

2

defendants.

## THE LAW AND ANALYSIS

To the extent plaintiff sues defendant ENGLAND solely for violating prison policies and procedures by failing to provide him with a confiscation slip for his photographs, plaintiff's claim lacks an arguable basis in law and is frivolous. The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

The remaining claims against defendant ENGLAND that are possible on the facts plaintiff has presented are that she intentionally and wrongly kept his property or she (or some other party) negligently failed to return it. "Ultimately, . . . it is of no consequence whether [plaintiff] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid 1983 action for deprivation of property." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff's claims against defendants GRIMES and WARD are that they failed to properly investigate his grievances and failed to properly resolve them. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103

L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Therefore, plaintiff's claims against defendants JAMES GRIMES and KELLI WARD lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff TOMMIE JOE DENSON, also known as TOMMIE J. DENSON, is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 3rd day of January, 2008.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE